## FREDERICK DAVIDSON

*v.*

## OAKLEY JOHNSON.

VARIANCE—*allegations and proofs.* An allegation that a party agreed to deliver "one hundred and ten hogs," or, "one hundred and more hogs," is not sustained by proof that the number to be delivered was *one hundred.*

APPEAL from the Circuit Court of Warren county; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

Oakley Johnson instituted an action of assumpsit in the court below, against Frederick Davidson, to recover for the non-delivery of a certain number of hogs, according to contract.

The second count alleges that defendant, on the 11th day of February, 1858, sold the plaintiff a number of live hogs, viz., one hundred, the same that were then following defendant's feeding cattle at John B. Cox's, for $3.75 per hundred weight gross, and to average two hundred weight gross, to be delivered to plaintiff at Ellison, in Warren county, on the 16th and 17th days of February, 1858, to be weighed by Samuel Johnson, at his store in Ellison; and that plaintiff was to deliver to defendant at Ellison on the 16th and 17th days of February, 1858, to be weighed by Samuel Johnson, from one hundred to one hundred and ten stock hogs, which were to be as good as the defendant had just seen at the yard of

Samuel Johnson in Ellison, which stock hogs were to be taken by defendant in part payment for the fat hogs, at $2.25 per cwt. gross.

3. Plaintiff purchased of defendant one hundred head of fat hogs, to overrun two hundred pounds apiece, to be taken from the hogs of defendant then running at the farm of John Cox with defendant's feeding cattle, and from defendant's home place, at $3.75 per hundred, to be delivered at the store of Samuel Johnson in Ellison, on the 16th and 17th days of February, 1858, to be paid for as follows, viz. : Plaintiff was to deliver to defendant at Ellison one hundred stock hogs, or more if he chose, to be as good on an average as those that said defendant had that day seen at the yard of Samuel Johnson in Ellison, at $3.25 per hundred; the balance to be paid for in cash. The plaintiff then alleges that he did deliver, on the 16th day of February, 1858, at Ellison, one hundred and more stock hogs of the kind and description called for by his agreement, yet defendant failed to deliver the fat hogs.

4. Fourth count is substantially like the third, except it alleges that plaintiff's stock hogs were ready at Ellison to be delivered.

The issues being formed and submitted to a jury, it appeared in evidence that the contract was, that the plaintiff was to deliver to the defendant *one hundred* stock hogs. The trial resulting in a verdict and judgment for the plaintiff, the defendant took this appeal.

The only question presented upon the record is, whether there was a variance between the allegations and proof in regard to the number of hogs the plaintiff agreed to deliver to the defendant.

Messrs. H. M. WEAD, and C. M. HARRIS, for the appellant.

Messrs. GEORGE F. HARDING, and A. G. KIRKPATRICK, for the appellee.

Gillilan *v.* Myers.

Mr. Chief Justice Caton delivered the opinion of the Court.

We are constrained to say that here is a variance between the declaration and the proof. In describing the contract on which the action is brought, the second count of declaration states that the plaintiff agreed to deliver to the defendant, from one hundred to one hundred and ten stock hogs, at two dollars and twenty-five cents per hundred pounds, toward the payment for the fat hogs, and the third and fourth counts state the number to be one hundred and more stock hogs. And these are the only counts which, approximately, set out the contract. The proof is, that he was to deliver one hundred stock hogs — no more and no less. That this is materially variant from the contract set out in the declaration admits of no question. It is simply self-evident, and admits of no argument, unless one hundred, and more than one hundred, are the same.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*